NOT DESIGNATED FOR PUBLICATION

No. 122,095

COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER OPIO KILAT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed July 24, 2020. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).


Before SCHROEDER, P.J., HILL and GARDNER, JJ.


PER CURIAM: Christopher Kilat appeals the district court's decision to revoke his probation in four separate criminal cases: 17 CR 830, 18 CR 44, 18 CR 80, and 18 CR 791. We consolidated these cases on appeal and granted Kilat's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State asks us to affirm the district court's judgment. We agree with the State and affirm.

In 2017, Kilat pleaded no contest to possession of a controlled substance. Before being sentenced for that crime, Kilat committed two new crimes: aggravated failure to appear in case 18 CR 44, and violation of the Kansas Offender Registration Act in case 18 CR 80. The district court sentenced Kilat to the following:

- Case 17 CR 830: 20 months in prison with a 12-month postrelease supervision term;

- Case 18 CR 80: 30 months in prison with a 24-month postrelease supervision term; and

- Case 18 CR 44: 8 months in prison with a 12-month postrelease supervision term.

The district court granted a dispositional departure and placed Kilat on probation for each sentence because of his need for substance abuse treatment and to reduce the risk of recidivism. But while on probation, Kilat pleaded guilty to interference with a law enforcement officer in 18 CR 791, and the district court sentenced him to probation with an underlying 12-month prison term.

Kilat then violated his probation many times—he received a 2-day sanction, a 5-day sanction, and a 180-day sanction. Kilat's violations included failing to: (1) comply with imposed sanctions, (2) submit to urinalysis tests, (3) maintain suitable employment, (4) refrain from possession or consuming alcohol or mind-altering substances, (5) report to Intensive Supervision Officer (ISO) as directed, (6) obtain drug/alcohol evaluation and follow all recommendations, and (7) refrain from violating the law. The district court revoked Kilat's probation in each case and imposed his four underlying sentences finding Kilat absconded, he committed new crimes, and probation was not best for his welfare. Kilat timely appealed.

On appeal, Kilat contends the district court abused its discretion by imposing his prison sentences rather than extending his probation again, arguing he needs treatment for his severe drug addiction.

Kilat stipulated to violating his probation in all four cases. Once a probation violation has occurred, the district court has the discretion to revoke a defendant's

probation. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Kilat bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Kilat committed his probation violations in 2018. As a result, the 2018 version of the statute applies. See *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) (holding that the law in effect on the date of the probation violation controls, "not the law that existed when the defendant committed the underlying crime . . . nor the law in effect when the probation hearing occurred."); *State v. Harris*, No. 121,933, 2020 WL 1897288, at *1 (Kan. App. 2020) (unpublished opinion). Under K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(E), a district court may revoke a defendant's probation when, as here, the defendant has already served the graduated sanctions. Further, K.S.A. 2018 Supp. 22-3716(c)(8)(A)-(B) allows the district court to revoke probation when a defendant commits a new crime or felony or absconds from supervision. K.S.A. 2018 Supp. 22-3716(b)(3)(B) grants the district court the authority to impose the original sentence. The district court thus had the legal authority to revoke Kilat's probation.

Kilat has not convinced us that the district court's decision to revoke his probation and impose his original sentence was unreasonable. Kilat's ISO stated that Kilat absconded from supervision and often denied using drugs, despite failing urinalysis tests. The district court applied the required graduated sanctions and still found that Kilat was not amenable to probation due to his failed opportunities to use his probation services. Although Kilat complains that he needs treatment for his drug addiction, Kilat squandered many opportunities to receive treatment while on probation. Kilat's ISO noted that he successfully completed inpatient treatment, but she recommended revocation because Kilat repeatedly failed to show interest in using the mental health treatment,

sobriety house, and other intervention measures. And Kilat committed new crimes of possession of methamphetamine. A reasonable person could find the district court's decision was not unreasonable under the circumstances.

Affirmed.